UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH LESTER KOHLS,

    Plaintiff,

    v.                                    Case No. 25-cv-947-bcc

CO GEORGIANA HAUGEN, et al.,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Joseph Lester Kohls, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Kohls' motion for leave to proceed without prepayment of the filing fee, motion for an order, and to screen the complaint. Dkt. Nos. 1, 2, & 9.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Kohls has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Kohls has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $18.23. Kohls' motion for leave to proceed without prepayment of the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Kohls was an inmate at the Dodge Correctional Institution. Dkt. No. 1. Defendants are CO Georgiana Haugen, Sgt. Dagner, Sgt. Erondrac, John/Jane Doe HSU Nurses and Staff, and the Dodge Correctional Institution. *Id*. at 1.

On May 12, 2025, Kohls told correctional staff that he was experiencing difficulty breathing and back/side pain with every breath. *Id*. at 2. Staff told him to fill out a medical slip because it was past 5 p.m. *Id*. Later that day, at around 9:15 p.m., Kohls told CO Haugen that he was still having difficulty breathing, was experiencing back/side pain with every breath, and could not lay down to sleep without severe pain. *Id*. at 2-3. CO Haugen called Jane Doe Nurse #1, who stated that Kohl's vitals "were good" and that nothing was wrong. *Id*. at 3. Kohls asked her to examine his back/side (*i.e.* where the pain was located) but she refused. *Id*. Later in the night, Kohls called CO Haugen again and reported that he still could not breathe properly and was in pain. *Id*. CO Haugen responded that a nurse had already concluded that he "was fine" and she threatened to send him to the "hole" if he continued asking for medical care. *Id*. at 3-4. CO Haugen ignored Kohls' request to go to the hospital. *Id*. Two "white shirts" (supervisors) were also aware of the situation that evening but did not help. *Id*.

The following day, on May 13, 2024, Kohls again complained about difficulty breathing and pain. *Id*. at 4. A different nurse, Jane Doe Nurse #2, also checked his vitals and said nothing was wrong. *Id*. She also did not examine the areas of his body with pain. *Id*. Kohls explains that he could barely walk at the time, so it was obvious that something was very wrong. *Id*. Later that night, Kohls continued having difficulty breathing and was choking in his sleep. *Id.* at 4-5. His roommate then called correctional staff and reported that Kohls needed to go to the hospital. *Id*. at 5. That correctional officer also stated that a nurse had already concluded that Kohls was fine and that there was nothing wrong. *Id*.

On May 14, 2024, Kohls went to the health services unit for a previously scheduled and unrelated blood draw. *Id*. Kohls had difficulty walking to the appointment because he could not catch his breath, could barely talk, and was doubled over in severe pain. *Id*. The sergeant escorting him to the appointment immediately took him to see Jane Doe Nurse #3, who finally examined his back/side and discovered that she could not hear his right lung. *Id*. Kohls was then taken to the local hospital, where emergency room doctors confirmed that his right lung was filled with fluid. *Id*. They immediately rushed Kohls to the University of Wisconsin (UW) hospital in Madison. *Id*. at 5-7. UW doctors had to place a tube in Kohl's lung to drain the fluid. *Id*. at 5-7. Doctors removed about two liters of fluid from his right lung. *Id.* Kohls was in the hospital for two weeks afterwards. *Id*. at 7. Kohls says that the correctional staff he talked to about his medical condition, between May 12, 2025 and May 14, 2025 were Sgt. Dagner and Sgt. Erondrac, but he can't remember which individual he spoke to on which day. *Id*. at 6. For relief, Kohls seeks monetary damages. *Id*. at 8.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference towards an inmate's serious medical need. *Cesal v. Moats*, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). To state a claim, Kohls must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition need not be life-threatening to be

4

serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he or she "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Examples of deliberate indifference include ignoring a request for medical assistance; refusing to take instructions from a specialist; persisting in a course of treatment known to be ineffective; choosing an easier and less efficacious treatment without exercising medical judgment; and delaying in treatment which serves no penological interest. *Id.* at 729-31.

Kohls alleges that, between May 12, 2025 and May 14, 2025 he consistently complained about difficulty breathing, severe pain in his back/side, and a choking feeling when he laid down. These symptoms constitute an objectively serious medical condition. Kohls alleges that Jane Does Nurses #1-2 refused to actually examine his lungs; therefore, they failed to discover that his lungs were filled with fluid and causing the issues of which Kohls complained. Kohls additionally alleges that it was obvious that he couldn't talk, breathe, or walk, yet CO Haugen, Sgt. Dagner, and Sgt. Erondrac still improperly deferred to Jane Does Nurses #1-2. Based on these allegations, the Court can reasonably infer that CO Haugen, Sgt. Dagner, Sgt. Erondrac, and Jane Doe Nurses #1-2 may have been deliberately indifferent towards his medical needs. Accordingly, Kohls may proceed on an Eighth Amendment deliberate indifference claim against CO Haugen, Sgt. Dagner, Sgt. Erondrac, and Jane Doe Nurses #1-2 in connection with their failure to provide medical care for his breathing issues at the Dodge Correctional Institution between May 12, 2025 and May 14, 2025.

The Court will dismiss the Dodge Correctional Institution from the case because it is a building and not a suable "person" under §1983. *See Whiting v. Marathon C'nty Sheriff's Department*, 382 F.3d 700, 704 (7th Cir. 2004)); *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Additionally, the sergeant escorting Kohls to the blood draw on May 14, 2024, as

5

well as Jane Doe Nurse #3 from May 14, 2024, did their jobs and properly assisted Kohls in getting to the local hospital. Accordingly, Kohls does not state claims against those individuals either.

### MOTION FOR AN ORDER

On September 22, 2025, Kohls filed a motion for his girlfriend to make monthly payments towards the balance of the filing fee (rather than collection under 28 U.S.C. §1915(b)(2)). Dkt. No. 9. The Court will deny the motion as the Court has no authority to override a statutory scheme. If Kohls' girlfriend submits payment either in full or in part each month, no money or less money may be automatically deducted from his account each month. But this Court has no authority to waive the automatic collection provision imposed by Congress through a federal statute.

### CONCLUSION

The Court finds that Kohls may proceed on an Eighth Amendment deliberate indifference claim against CO Haugen, Sgt. Dagner, Sgt. Erondrac, and Jane Doe Nurses #1-2 in connection with their alleged failure to provide medical care for his breathing issues at the Dodge Correctional Institution between May 12, 2025 and May 14, 2025.

**IT IS THEREFORE ORDERED** that Kohls' motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Kohls' motion for an outside source to pay monthly obligation (Dkt. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Dodge Correctional Institution is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Kohls' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Haugen, Sgt. Dagner, and Sgt. Erondrac.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Haugen, Sgt. Dagner, and Sgt. Erondrac. shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Kohls shall collect from his institution trust account the **$331.77** balance of the filing fee by collecting monthly payments from Kohls' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Kohls is transferred to another institution, the transferring institution shall forward a copy of this Order along with Kohls' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Kohls is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

        Honorable Byron B. Conway
        c/o Office of the Clerk
        United States District Court

Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Kohls is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Kohls may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on September 23, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge