---

JOSEPH LESTER KOHLS,

      Plaintiff,

      v.                             Case No. 25-CV-947

CO GEORGIANA HAUGEN et al.,

      Defendants.

---

## DECISION AND ORDER

---

Plaintiff Joseph Lester Kohls is representing himself in this 42 U.S.C. § 1983 case. On February 2, 2026, Defendants filed a motion for summary judgment on the ground that Kohls failed to exhaust administrative remedies before bringing this lawsuit. On March 18, 2026, Kohls filed a motion to appoint counsel. For the following reasons, the Court will grant Defendants' motion for summary judgment, deny Kohls' motion to appoint counsel, and dismiss the case.

## BACKGROUND

Kohls, who at all times relevant to this action was housed at Dodge Correctional Institution, is proceeding on Eighth Amendment deliberate indifference claims against Defendants CO Georgiana Haugen, Sgt. Michael Degner, Sgt. Anderew Ehrendreich, and John/Jane Doe HSU Nurses and Staff based on allegations that Defendants failed to provide medical care for Kohls' breathing issues between May 12, 2025, and May 14, 2025. Based on a review of the Inmate Complaint Tracking System, Kohls did not submit a grievance regarding his claims in this lawsuit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). That said, a prisoner is not required to exhaust the administrative remedies if those remedies are not "available." *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has established the inmate complaint review system to review inmate grievances regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment. Wis. Admin. Code § DOC 310.06(1). An inmate is required to file an inmate complaint "within 14 days after the occurrence giving rise to the complaint." § DOC 310.07(2). An inmate complaint filed outside of that time period may be accepted for good cause, but an inmate must "request to file a late complaint *in the written complaint* and explicitly provide the reason for the late filing." *Id.* (emphasis added). "Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005).

Kohls does not dispute that he did not file any grievances related to his claim, as required by the grievance procedure. He argues, however, that the administrative remedies were unavailable to him. Kohls explains that he was hospitalized from May 15, 2025, to May 30, 2025. Because he was hospitalized for more than 14 days after the incident occurred, Kohls asserts that he could not have filed a timely inmate complaint. Dkt. No. 22 at 3.

Even though Kohls may have been hospitalized during the 14-day time period to file a grievance, he never tried to file a grievance upon his return from the hospital. Under Wisconsin's inmate complaint review system, inmates may request that the Inmate Complaint Examiner accept a late complaint for cause if they "explicitly provide the reason for the late filing." § DOC 310.07(2). Administrative remedies were available to Kohls, but he did not pursue them. Kohls never provided his reasons for his late inmate complaint to the Inmate Complaint Examiner. *See Gibson v. Chester*, No. 19-CV-45, 2020 WL 5716055, at *7 (E.D. Wis. Sept. 24, 2020) (collecting cases). Because Kohls did not exhaust the available administrative remedies, Defendants are entitled to summary judgment.

On March 18, 2026, along with his response to Defendants' motion for summary judgment, Kohls renewed his motion to appoint counsel. The Court will deny Kohls' renewed motion for counsel for the reasons explained in its February 20, 2026, decision. Dkt. No. 21. Kohls' response materials were clear and well written, and the outcome of this case would not have been different had Kohls been represented by counsel.

## CONCLUSION

For these reasons, Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 15) is **GRANTED**. Kohls' motion to appoint counsel (Dkt. No. 24) is **DENIED**. This action is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin on April 15, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

4